Patrick J. Geile
Idaho State Bar No. 6975
CHAPTER 7 BANKRUPTCY TRUSTEE
953 S. Industry Way
Meridian, ID 83642
Telephone: (208) 947-1575

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In Re:<br><br>AMBER RENEE HOBBS,<br><br>               Debtor(s). | Case No. 23-40398-JMM<br>Chapter 7<br><br>**TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION** |
|---|---|

**Notice of Objection to Claim of Exemption
And Opportunity to Object and for a Hearing**

**No Objection.** The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within **14** days of the date of service of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

**Objection.**  Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.

**Hearing on Objection.** The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

TO THE ABOVE-NAMED COURT, THE DEBTORS AND DEBTORS' ATTORNEY:

**The Debtor filed an Amendment on November 2, 2023, and exempt the Checking accounts pursuant to Idaho Code § 55-1011 and 11-713(3). Trustee again objects as those are inapplicable to the funds listed in the Debtor's bank account.**

**TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION - 1**

## NOTICE

YOU ARE HEREBY NOTIFIED that the Trustee of the above estate objects to the following exemption(s) claimed by the Debtor(s) in this proceeding:

1. Checking: ICCU Acct #5634 in the amount of $4,753.50, pursuant to Idaho Code § 55-1011 and 11-713(3).

2. Savings: ICCU Acct #9078 in the amount of $5,078.20, pursuant to Idaho Code § Code § 55-1011 and 11-713(3).

3. IRA Fidelity account in the amount of $39,764.67 pursuant to Idaho Code § 55-1011 and 11-713(3

## OBJECTION

Trustee objects to the Debtors' claim of exemption based on the following:

1. Idaho Code 11-713 states in part:

11-713. DEPOSITS INTO FINANCIAL INSTITUTIONS NOT SUBJECT TO GARNISHMENT. (1) Money, funds, benefits and personal property that are exempt from execution as provided in section 11-604(1), Idaho Code, including payable or paid for disability and illness, alimony, support and child support, as a result of bodily injury, wrongful death and the death of an insured shall remain exempt in an account at a financial institution.
. . .

(3) All funds that are exempt under federal and state law; section 11-603, Idaho Code, including social security, SSI and veteran benefits, federal and state public assistance, medical savings accounts, child support payments deposited by the Idaho department of health and welfare, and unemployment benefits; section 11-604A, Idaho Code, retirement and pension benefits including public employee retirement system of Idaho (PERSI) and United States government benefits; and section 72-802, Idaho Code, worker's compensation benefits shall remain exempt without limitation when deposited into an account at a financial institution.

**TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION - 2**

2. This section is not one to claim an exemption, but prohibits garnishment by a judgment creditor of funds held in certain accounts. The section does not exempt the funds in the account without the funds first being determined to be exempt.

3. Section 55-1011 states in part:

55-1011. EXEMPTION OF PENSION MONEY AND RETIREMENT OR PROFIT-SHARING BENEFITS FROM LEGAL PROCESSES. (1) Except as provided in subsection (2) of this section, any money or other assets payable to a participant or beneficiary from or any interest of any participant or beneficiary in, a retirement or profit-sharing plan that is qualified under sections 401(a), 403(a), 403(b), 408, 408A or 409 of the internal revenue code, as amended, is exempt from all claims of judgment creditors of the beneficiary or participant arising out of a negligent or otherwise wrongful act or omission of the beneficiary or participant resulting in monetary damages to the judgment creditor. The exemption provided by this subsection shall be in addition to that provided in this chapter.

4. In this case the Trustee is not in position as a Judgment creditor and therefore this section does not apply to the trustee.

5. Finally, Trustee objects to the claiming of these exemptions based on FRBP 4003(b)(2). Trustee has reason to believe the Debtors acted with fraudulent intent in claiming the exemption and Trustee believes Debtor acted as part of a scheme to defraud, hinder, and/or delay her creditors, and some of the transfers may be avoidable.

6. Therefore, the Trustee requests that the Court deny the Debtor's exemptions in their entirety.

YOU ARE FURTHER NOTIFIED that the Trustee will ask the Court to grant an Order sustaining the objection(s) without further hearing unless a written reply to the Trustee's objection is filed in duplicate within fourteen (14) days from the date this objection is mailed. File the original (1) with the U.S. Bankruptcy Court, 550 W. Fort St., Boise, ID 83724; and (2) a copy with

**TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION - 3**

the Trustee. A written response to the Trustee's objection must be set for hearing and notice thereof mailed to parties in interest.

Date: December 27, 2023  /s/ Patrick J. Geile
Chapter 7 Bankruptcy Trustee

## CERTIFICATE OF SERVICE

I hereby certify that on this date as indicated below, I electronically filed the foregoing Document with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the individuals noted below. I further certify that, on the same date, I have mailed by U.S.P.S. the foregoing document to the following non-EM/ECF Registered Participant(s) either listed below or on an attached list.

*Served by ECF:*

US Trustee ustp.region18.bs.ecf@usdoj.gov

Paul Norwood Jonas Ross paul@idbankruptcylaw.com

*Served by U.S. Mail:*

Amber Renee Hobbs
PO BOX 637
Hailey, ID 83333

Date: December 27, 2023  /s/ Patrick J. Geile
Chapter 7 Trustee

**TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION - 4**